**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4487**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

DONALD MCLEOD, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:01-cr-00042-F-1)

Submitted: November 16, 2010      Decided: December 10, 2010

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald McLeod, Jr., appeals the district court's judgment revoking his supervised release and imposing a sentence of thirty-six months' imprisonment. McLeod alleges that his sentence is plainly unreasonable. For the following reasons, we affirm.

A district court has broad sentencing discretion upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm if the sentence is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the U.S. Sentencing Guidelines Manual Chapter 7 policy statements and the 18 U.S.C. § 3553(a) (2006) factors relevant to a supervised release revocation. See 18 U.S.C. § 3583(e)(3) (2006); Crudup, 461 F.3d at 440. Although the district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it

2

"still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id. at 439.

We have carefully reviewed McLeod's sentence and find it to be procedurally and substantively reasonable. The district court heard the parties' arguments, explicitly considered the Chapter Seven advisory policy statement range and the pertinent 18 U.S.C. § 3553(a) factors, and explained its reasoning supporting the thirty-six month sentence. The district court stated a proper basis for McLeod's sentence — namely, McLeod's continuous criminal conduct involving narcotics, and the downward departure awarded in McLeod's original sentence. Based on our conclusion that McLeod's sentence is neither procedurally nor substantively unreasonable, "it necessarily follows that" McLeod's sentence is not "plainly unreasonable." Crudup, 461 F.3d at 440.

Accordingly, we affirm the district court's judgment revoking McLeod's supervised release and imposing a thirty-six

month prison term.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED